# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN MATHEW, derivatively on behalf of 22ND CENTURY GROUP, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>HENRY SICIGNANO III, JOHN T. BRODFUEHRER, RICHARD M. SANDERS, JOSEPH A. DUNN, JAMES W. CORNELL, and NORA B. SULLIVAN,<br><br>    Defendants,<br><br>    and<br><br>22ND CENTURY GROUP, INC.,<br><br>    Nominal Defendant. | Case No. 1:19-cv-00479-EAW  |
| MELVYN KLEIN, Derivatively on Behalf Of 22ND CENTURY GROUP,<br><br>    Plaintiff,<br><br>    vs.<br><br>HENRY SICIGNANO, III, RICHARD M. SANDERS, JOSEPH ALEXANDER DUNN, NORA B. SULLIVAN, JAMES W. CORNELL, and JOHN T. BRODFUEHRER,<br><br>    Defendants,<br><br>    and<br><br>22ND CENTURY GROUP,<br><br>    Nominal Defendant. | Case No. 1:19-cv-00513-LJV |

**JOINT STIPULATION AND [PROPOSED] ORDER CONSOLIDATING
RELATED SHAREHOLDER DERIVATIVE ACTIONS AND
<u>ESTABLISHING A LEADERSHIP STRUCTURE</u>**

**WHEREAS**, on February 6, 2019, Plaintiff Melvyn Klein ("Plaintiff Klein") filed a

shareholder derivative action on behalf of nominal defendant 22nd Century Group, Inc. ("22nd

Century" or the "Company") in the United States District Court for the Eastern District of New

York alleging breaches of fiduciary duty, unjust enrichment, abuse of control, waste of corporate

assets, and violations of Section 14(a) and Section 10(b) of the Securities Exchange Act of 1934

against defendants Henry Sicignano, III, Richard M. Sanders, Joseph Alexander Dunn, Nora B.

Sullivan, James W. Cornell, and John T. Brodfuehrer (collectively, the "Individual Defendants"

and together with 22nd Century the "Defendants"), originally captioned *Klein v. Sicignano, III et

al.*, Case No. 1:19-cv-00748 (the "*Klein* Action");

**WHEREAS**, on February 11, 2019, Plaintiff Stephen Mathew (together with Plaintiff

Klein, "Plaintiffs") filed a shareholder derivative action alleging substantially similar facts and

making substantially similar claims against the same defendants in the Supreme Court of the

State of New York, County of Erie, originally captioned *Mathew v. Sicignano III et al., Index

No. 801786/2019* (the "*Mathew* Action," and together with the *Klein* Action, the "Related

Derivative Actions");

**WHEREAS**, on January 21, 2019, a putative securities class action, captioned *Bull v.

22nd Century Group, et al.*, Case No.: 1:19-cv-00409-NGG-ST was filed in the United States

District Court for the Eastern District of New York (the "Securities Class Action");

**WHEREAS**, on April 3, 2019, the parties to the *Klein* Action filed a joint stipulation to

stay proceedings until 30 days after (1) the dismissal, with prejudice and exhaustion of all

appeals of the related Securities Class Action and a second securities class action lawsuit

captioned, *Fitch v. 22nd Century Group, et al.,* Case No.: 2:19-cv-00553 (together, the "Class Action Litigation"),[1] (2) the denial of any motion to dismiss the Class Action Litigation, or (3) either of the parties give written notice that they no longer consent to the voluntary stay, and to transfer the *Klein* Action to this Court, which was so ordered on April 11, 2019;

**WHEREAS**, on April 12, 2019, the parties to the *Mathew* Action jointly filed a Stipulated Notice of Removal to this Court, which noted that the parties agreed that the *Mathew* Action should be removed, stayed, and consolidated with the *Klein* Action;

**WHEREAS**, on April 15, 2019 the parties to the *Mathew* Action filed a stipulation and proposed order staying the *Mathew* Action until 30 days after (1) the dismissal of the Class Action Litigation, with prejudice and exhaustion of all appeals, (2) the denial of any motion to dismiss the Class Action Litigation, or (3) either of the parties to the stipulation give written notice that they no longer consent to the voluntary stay (the "Stipulation to Stay"). Pursuant to the terms of the Stipulation to Stay, the stay may be temporarily lifted "for the exclusive purpose of the Parties applying to the Court to consolidate" the *Mathew* Action and the *Klein* Action and to appoint The Brown Law Firm P.C. and Gainey McKenna and Egleston as co-lead counsel for plaintiffs in the consolidated derivative action;

**WHEREAS**, on April 19, 2019, the *Klein* Action was transferred to this Court under Case No.: 1:19-cv-00513-LJV;

**WHEREAS**, on May 3, 2019, the Court so ordered the Stipulation to Stay;

**WHEREAS**, Plaintiffs and Defendants agree that the Related Derivative Actions are related and should be consolidated in this Court;

---

[1] *Fitch v. 22nd Century Group, et al.,* Case No.: 2:19-cv-00553 was voluntarily dismissed on May 29, 2019.

**WHEREAS**, under Fed. R. Civ. P. 42(a), when actions involve "a common question of law or fact," the Court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay";

**WHEREAS**, the Related Derivative Actions challenge substantially the same alleged conduct by the same Company directors and executive officers and involve substantially the same questions of law and fact, as each action alleges that the Individual Defendants made false and misleading statements on behalf of the Company concerning the Company's engagement in a stock promotion scheme that subjected it to heightened regulatory scrutiny, including from the SEC;

**WHEREAS**, the parties therefore respectfully submit that consolidation of the Related Derivative Actions is appropriate;

**WHEREAS**, to avoid potentially duplicative actions and to prevent any waste of the Court's and parties' resources, the parties agree that the Related Derivative Actions should be consolidated for all purposes, including pre-trial proceedings and trial, into a single consolidated action;

**WHEREAS**, in order to realize the efficiencies made possible by consolidation of the Related Derivative Actions, the Plaintiffs agree that The Brown Law Firm, P.C. and Gainey McKenna & Egleston, the respective firm resumes of which are attached hereto as Exhibits A and B, shall be designated as Co-Lead Counsel representing plaintiffs in the consolidated action;[2]

**NOW THEREFORE**, the parties, through their undersigned counsel, hereby agree, stipulate, and respectfully request that the Court enter an Order as follows:

1.    The stay of proceedings ordered in each of the *Klein* Action and the *Mathew*

---

[2] Defendants take no position on the appointment of Plaintiffs' Lead Counsel.

4

Action is hereby lifted for the limited purpose of permitting this stipulation to be filed and [Proposed] Order to be entered, but otherwise remains in effect.

2.    The following actions are hereby consolidated for all purposes, including pre-trial proceedings and trial, under Case No.1:19-cv-00479-EAW (the "Consolidated Action"), pursuant to Federal Rule of Civil Procedure 42(a):

| Case Name | Case Number | Date Filed |
|-----------|-------------|------------|
| *Mathew v. Sicignano III, et al.* | 1:19-cv-00479-EAW | February 12, 2019 |
| *Klein v. Sicignano III, et al.* | 1:19-cv-00513-LJV | February 19, 2019 |

3.    Every pleading filed in the Consolidated Action, or in any separate action included herein, must bear the following caption:

### UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF NEW YORK

IN RE 22ND CENTURY GROUP, INC. DERIVATIVE LITIGATION          Lead Case No. 1:19-cv-00479-EAW

4.    All papers filed in connection with the Consolidated Action will be maintained in one file under Lead Case No. 1:19-cv-00479-EAW.

5.    Co-Lead Counsel for plaintiffs for the conduct of the Consolidated Action shall be:

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
Stuart J. Guber
240 Townsend Square
Oyster Bay, NY 11771
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net
sguber@thebrownlawfirm.net

**GAINEY McKENNA & EGLESTON**

Thomas J. McKenna
Gregory M. Egleston
440 Park Avenue South, 5th Floor
New York, NY 10016
Telephone: (212) 983-1300
Facsimile: (212) 983-0383
Email: tjmckenna@gme-law.com
gegleston@gme-law.com

6.      Plaintiffs' Co-Lead Counsel shall have the sole authority to speak for plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

7.      Co-Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of plaintiffs.  No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiffs except through Co-Lead Counsel.

8.      Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representative of Co-Lead Counsel, and such agreements shall be binding on all plaintiffs.

9.      This Order shall apply to each derivative case arising out of the same, or substantially the same, transactions or events as the Consolidated Action, that is subsequently filed in, removed to, reassigned to, or transferred to this Court.  When a derivative case that properly belongs as part of *In re 22nd Century Group, Inc. Derivative Litigation*, Lead Case No. 1:19-cv-00479-EAW, is hereafter filed in this Court, removed to this Court, reassigned to this Court, or transferred here from another court, this Court requests the assistance of counsel in calling to the attention of the Clerk of the Court the filing, removal, reassignment, or transfer of any derivative case that might properly be consolidated as part of *In re 22nd Century Group, Inc.*

6

*Derivative Litigation*, Lead Case No. 1:19-cv-00479-EAW, and counsel are to assist in assuring that counsel in subsequent actions receive notice of this order.

10.     The order dated May 3, 2019 that effected a stay of proceedings in the *Mathew* Action shall apply to the Consolidated Derivative Action. Dkt. No. 8.

11.     This Stipulation is without prejudice to any and all defenses Defendants may assert in this or any of the above-referenced actions and without prejudice to any and all claims Plaintiffs may assert.

Dated: August 1, 2019                    Respectfully submitted,

                                         **THE BROWN LAW FIRM, P.C.**


                                         *s/ Timothy Brown*_____
                                         Timothy Brown
                                         Stuart J. Guber
                                         240 Townsend Square
                                         Oyster Bay, NY 11771
                                         Telephone: (516) 922-5427
                                         Facsimile: (516) 344-6204
                                         Email: tbrown@thebrownlawfirm.net
                                                sguber@thebrownlawfirm.net

                                         *[Proposed] Co-Lead Counsel for Plaintiffs*


Dated: August 1, 2019                    **GAINEY McKENNA & EGLESTON**

                                         *s/ Thomas J. McKenna*
                                         Thomas J. McKenna
                                         Gregory M. Egleston
                                         440 Park Avenue South, 5th Floor
                                         New York, NY 10016
                                         Telephone: (212) 983-1300
                                         Facsimile: (212) 983-0383

Email: tjmckenna@gme-law.com
Email: gegleston@gme-law.com

*[Proposed] Co-Lead Counsel for Plaintiffs*

Dated: August 1, 2019

**DUKE, HOLZMAN, PHOTIADIS & GRESENS LLP**

_s/ Charles C. Ritter, Jr._
Charles C. Ritter, Jr.
701 Seneca Street, Suite 750
Buffalo, NY 14210
Telephone: (716) 855-1111
Facsimile: (716) 855-0327
Email: critter@dhpglaw.com

*and*

Jonathan H. Friedman
**FOLEY & LARDNER LLP**
90 Park Avenue
New York, NY 10016
Telephone: 212-338-3416
Facsimile: 212-687-2329
Email: jfriedman@foley.com

*Counsel for Defendants*

IT IS SO ORDERED this 15th day of August , 2019.

U.S. District Court Judge

8

# EXHIBIT A

# THE BROWN LAW FIRM, P.C.
## BIOGRAPHY

The Brown Law Firm, P.C. is a complex business litigation firm located in Oyster Bay, in Long Island, New York, with an additional office in the Philadelphia, Pennsylvania metro area. The firm specializes in shareholder derivative litigation in courts throughout the country.

### TIMOTHY BROWN – MANAGING ATTORNEY

In January 2014, Mr. Brown founded the Brown Law Firm, which specializes in shareholder derivative litigation. Since the Brown Law Firm's inception, the number of shareholder derivative actions that the firm prosecutes has grown exponentially. Every year since then, the Brown Law Firm has achieved and achieves favorable settlements in numerous shareholder derivative actions, providing substantial benefits to publicly traded companies and their investors.

Since shortly after Mr. Brown graduated from law school, through 2013, Mr. Brown was a litigator at a major national law firm. Mr. Brown's prior firm specializes in representing plaintiffs in securities class actions and shareholder derivative actions in courts throughout the country. There, Mr. Brown had a leadership role in achieving numerous multi-million dollar settlements of class action suits.

In 2004, Mr. Brown graduated from the University of Chicago Law School at which he was a recipient of a merit scholarship awarded to the top two percent of all applicants. Mr. Brown received his B.A. in Business Economics, *magna cum laude*, from Brown University in 2001.

Mr. Brown is admitted to the bar of the State of New York and admitted to practice in the United States District Court for the Southern District of New York, the United States District

1

Court for the Eastern District of New York, and the United States District Court for the Western District of New York.

## STUART J. GUBER – PARTNER

Mr. Guber is a Partner in The Brown Law Firm P.C.'s Pennsylvania office.  Mr. Guber focuses his practice on representing institutional and individual investors in shareholder derivative matters.  He has also represented shareholders in class actions under the federal securities laws and mergers and acquisitions litigation, as well as representing individuals in other complex litigation, including consumer and mass tort litigation.  Mr. Guber was previously a partner in the securities department of Berger & Montague, P.C. (where he litigated class actions for violations of the federal securities laws), Motley Rice LLC (where he helped develop the firm's securities litigation practice group) and Faruqi & Faruqi, LLP (where he led the shareholder derivative practice).  During his 30-year career as a securities and complex litigator, Mr. Guber, as one of the lead attorneys, has successfully litigated numerous shareholder cases to settlement and verdict, including *In re Home Depot S'holder Derivative Litig.*, CA No. 1:15-CV-2999-TWT (historic first-ever settlement of a shareholder derivative action based on a data breach where settlement included enhancements to the company's cyber-security); *In re Rite Aid Pharmacy Sec. Litig.*, No. MDL 1360 (E.D. Pa) ($320 million settlement of securities class action); *In re Tycom Ltd. Sec. Litig.*, No. 03-CV-03540 (D. Conn.) ($79 million settlement in securities class action); *In re Providian Fin. Corp. Sec. Litig.*, No. 01-CV-3952 (N.D. Cal.) ($65 million settlement in securities class action); *In re BellSouth Corp. Sec. Litig.*, No. 02-CV-2142 (N.D. Ga.) ($35 million settlement in securities class action); *In re Evergreen Ultra Short Opportunities Fund Sec. Litig.*, No. 1:08-CV-11064 (D. Mass.) ($25 million class action securities settlement in which participating class members recovered over 65% of their losses); *Robbins v. Koger Properties*, No. 90-896-civ-J-10 (M.D. Flo.) (plaintiffs' trial counsel in jury

2

verdict awarding $81.3 million in damages); *Maiocco, et al. v. Greenway Capital Corp., et al.*, NASD No. 94-04396 (lead trial counsel for plaintiffs in securities arbitration awarding $227,000 in compensatory damages and $100,000 in punitive damages); *Solomon v. T.F.M., Inc.* (achieved defense verdict as lead trial counsel in securities arbitration representing Philadelphia Stock Exchange options trading firm); and *Minerva Grp. LP v. Keane*, Index No. 800621 (Sup. Ct. NY) (mergers and acquisitions case settled for amendments to merger agreement, additional disclosures and a price bump per share to be paid to shareholders from $8.40 per share to $9.25 per share in merger consideration).  Mr. Guber has successfully litigated consumer class actions (for example, *Nepomuceno v. Knights of Columbus*, No. Civ. A. 96 C 4789 (N.D. Ill.), settled for $22 million in life insurance vanishing premium consumer fraud case) and successfully defended at trial a union health and welfare fund being sued by a healthcare provider (*Centre for Neuro Skills, Inc.-Texas v. Specialties & Paper Prods. Union No. 527 Health and Welfare Fund*, No. CC-07-10150-A (Cty. Ct. Dallas, Tex.), lead trial defense counsel securing a directed verdict in favor of defendant).

Mr. Guber has also been involved as lead or co-lead counsel in litigation producing a number of noteworthy published decisions, including: *South Ferry LP v. Killinger*, 542 F.3d 776 (9th Cir. 2008); *Koehler v. Brody*, 483 F.3d 590 (8th Cir. 2007); *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273 (11th Cir. 2006); *Garfield v. NDC Health*, 466 F.3d 1255 (11th Cir. 2006); *In re Cerner Corp. Sec. Litig.*, 425 F.3d 1079 (8th Cir. 2005); *Nevius v. Read-Rite Corp.*, 335 F.3d 843 (9th Cir. 2003); *Robbins v. Koger Props.*, 116 F.3d 1441 (11th Cir. 1997); *Schreiber v. Kellogg*, 50 F.3d 264 (3d Cir. 1995); *In re Evergreen Ultra Short Opportunities Fund Sec. Litig.*, 275 F.R.D. 382 (D. Mass. 2011); *Marsden v. Select Med. Corp.*, 246 F.R.D. 480 (E.D. Pa. 2007); *In re Friedman's Inc. Sec. Litig.*, 385 F. Supp. 2d 1345 (N.D. Ga. 2005); *In re BellSouth Corp. Sec. Litig.*, 355 F. Supp. 2d 1350 (N.D. Ga. 2005); *Tri-Star Farms Ltd. v. Marconi, PLC, et al.*,

225 F. Supp. 2d 567 (W.D. Pa. 2002); *In re Campbell Soup Co. Sec. Litig.*, 145 F. Supp. 2d 574 (D.N.J. 2001); *In re Rite Aid Corp. Sec. Litig.*, 146 F. Supp. 2d 706 (E.D. Pa. 2001); *In re ValuJet, Inc. Sec. Litig.*, 984 F. Supp. 1472 (N.D. Ga.1997); *Schreiber v. Kellogg*, 194 B.R. 559 (E.D. Pa. 1996); *Schreiber v. Kellogg*, 839 F. Supp. 1157 (E.D. Pa. 1993); *Schreiber v. Kellogg*, 838 F. Supp. 998 (E.D. Pa.1993).

Mr. Guber is admitted to practice before the state bars of Pennsylvania and Georgia and is admitted to numerous federal courts, including: United States District Courts for the Eastern District of Pennsylvania, Northern District of Georgia, Eastern District of Michigan and District of Colorado; United States Circuit Court of Appeals for the First, Third, Eighth, Ninth, Tenth and Eleventh Circuits. He graduated with a Juris Doctor from Temple University School of Law (1990) and with a B.S. in Business Administration, majoring in accounting, from Temple University (1986).

## Saadia J. Hashmi – Associate

Ms. Hashmi received her J.D. from The University of Texas at Austin School of Law in May 2018. Ms. Hashmi was a staff editor on the TEXAS JOURNAL ON CIVIL LIBERTIES & CIVIL RIGHTS. Ms. Hashmi received her B.A. in American Studies, *magna cum laude*, from the University of Texas at Dallas.

Ms. Hashmi is admitted to the bar of the State of New York.

## Robert C. Moest – Of Counsel

Mr. Moest's office is in Santa Monica, California. Until 1999, and for more than two decades, Mr. Moest was a partner at Fleishman, Fisher & Moest, a litigation firm in Los Angeles. Robert's partner Stanley Fleishman was revered for being a pioneer in the field of constitutional rights and for winning countless 1st Amendment and civil rights lawsuits, including about a

4

dozen victories before the U.S. Supreme Court.

Mr. Moest maintains a civil trial, writ and appellate litigation practice, emphasizing 1st Amendment, constitutional and other civil rights, shareholder actions, commercial and real estate litigation, health care, administrative law and licensing, and land use. His practice is divided between federal and state practice.  Mr. Moest has been counsel in more than 100 appeals, leading to more than forty reported decisions.  Mr. Moest has jury and court trial experience in courts throughout the United States.

Mr. Moest was a founding member of the California Academy of Attorneys for Health Care Professionals, Co-counsel on Los Angeles County Jail Over-detention Team (successful class action suits seeking injunctive relief and damages against systematic over-detention of inmates in Los Angeles County Jail); and was a member of the Board of Directors, Higher Education Research Institute (since incorporated into UCLA School of Higher Education).

Mr. Moest graduated from the UCLA School of Law in 1974, in the top ten percent of his class. He earned his undergraduate degree from Amherst College.

Mr. Moest is a member of the California bar, and the bars for the Central, Southern, Northern and Eastern federal districts in California, the United States Court of Appeals for the Second, Third, Ninth, and Tenth Federal Circuits, and the United States Supreme Court.

# EXHIBIT B

# *Gainey McKenna & Egleston*

### *Attorneys at Law*
*www.gme-law.com*

440 PARK AVENUE SOUTH
5TH FLOOR
NEW YORK, NY 10016
TEL: (212) 983-1300
FAX: (212) 983-0383

95 ROUTE 17 SOUTH
SUITE 310
PARAMUS, NJ 07652
TEL: (201) 225-2001
FAX: (201) 225-9002

## *FIRM RÉSUMÉ*

### I.   Introduction

Gainey McKenna & Egleston (the "Firm") is based in New York and New Jersey and litigates throughout the country in both state and federal court. Members of the Firm have been engaged in the practice of law for almost thirty years. The Firm concentrates its practice on civil litigation of all types and especially in class action litigation on behalf of investors, consumers and small businesses.

The Firm has broad experience in the following areas: Employee Retirement Income Security Act of 1974 ("ERISA"), securities, shareholder derivative, consumer fraud and other types of complex commercial and tort litigation. The Firm also has experience in federal and state minimum wage laws, overtime laws or other employment laws regulating the payment of wages and benefits to employees.

Many of the Firm's cases involve multi-district litigation. The Firm is experienced in, and thoroughly familiar with, all aspects of complex litigation, including the underlying substantive law, the procedures recommended in the Manual for Complex Litigation and the substance and procedure of class certification.

The Firm's approach to each case is the same. It presents an aggressive position for its clients and uses all available resources necessary to achieve the best possible outcome for its clients. In short, the Firm works hard to produce victories for its clients and takes pride in providing a high level of legal service. It also develops a strong working relationship with its clients and will do whatever it takes within the bounds of the law to get results.

The Firm was formed with the goal of combining the experience gained through practicing law at large firms with the closeness, flexibility and attention to detail that characterize many smaller firms. In essence, the Firm has designed itself to be able to handle both large and small matters, offering what we believe our clients want most: quality legal work with an emphasis on communication.

We also represent plaintiffs and defendants in a variety of complex civil and commercial litigations, including real estate and business disputes, breach of contract and commercial disputes, employment cases (discrimination, harassment, wrongful termination), insurance coverage disputes, professional malpractice (accounting, legal and medical), products liability, and personal injury lawsuits.

The Firm recently made law in the field of ERISA with its successful prosecution of an appeal to the United States Supreme Court wherein the Court struck down a "presumption of prudence" that lower courts had been using to the protect the actions of fiduciaries of employer retirement plans who imprudently invested in company stock for the retirement plan. In the case, *Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459 (2014), the Firm argued with co-counsel that the presumption was illegitimate and had no place in the ERISA statutory framework. The Supreme Court agreed.

We have also been retained strictly as trial counsel in many matters. Members of the Firm are admitted to practice in all the courts of the State of New York, New Jersey, Pennsylvania, and Connecticut as well as in the United States Supreme Court, the United States District Court for the Southern District of New York, the United States District Court for the Eastern District of New York, the United States District Court of New Jersey, United States District Court for the Eastern District of Pennsylvania, the United States District Court of Connecticut, the United States Court of Appeals for the Second Circuit, Fifth Circuit, Sixth Circuit, Eighth Circuit, Ninth Circuit and Eleventh Circuit. Members of the firm have also been admitted *pro hac* vice in a number of other state and federal jurisdictions.

## II.   **Recent Achievements**

Below are just some of the cases the attorneys at the Firm have successfully prosecuted by producing a recovery for their clients and employees of 401(k) plans:

- *Dudenhoeffer, et al. v. Fifth Third Bancorp., et al.*, Civil Action No.: 08-cv-538 (S.D. Ohio) (Co-Lead Counsel in ERISA Class Action) (Recovery of $6,000,000 in cash and structural relief to the plan);

- *Borboa, et al. v. Thoedore L. Chandler, et al.*, Case No.3:13-cv-844-JAG (E.D. Va.) (counsel in ERISA Class Action) (Recovery of $5 million for the Company's 401(k) plan);

- *In re Wilmington Trust Corp. ERISA Litig.*, Civil Action No.: 10cv-001114-SLR (D. Del.) (Co-Lead Counsel in ERISA Class Action) (Recovery of $3 million for the Company's 401(k) plan);

- *In re Schering-Plough Corp. Enhance ERISA Litig.*, Civil Action No.: 08-cv-1432 (D.N.J.) (Co-Lead Counsel in ERISA Class Action) (recovery of $12.25 million for the company's 401(k) plan);

- *In re Popular Inc. ERISA Litig.*, Master File No.: 09-cv-01552-ADC (D. P.R.) (Co-Lead Counsel in ERISA Class Action) (recovery $8.2 million for the company's 401(k) plan);

- *Salvato v. Zale Corp., et al.*, Civil Action No.: 06-cv-1124 (N.D. Tex.) (Co-Lead Counsel in ERISA Class Action) (recovery of $7 million for the company's 401(k) plan);

- *In re General Growth Properties, Inc. ERISA Litig.*, Master File No.: 08-cv-6680 (N.D. Ill.) (Co-Class Counsel for the Settlement Class in ERISA class action) (recovery of $5.75 million for the company's 401(k) plan);

- *In re Comcast Corp. ERISA Litig.*, Master File No.: 08-cv-00773-HB (E.D. Pa.) (recovery of $5 million for the company's 401(k) plan);

- *Morrison v. MoneyGram Int'l, Inc., et al.*, Civil Action No.: 08-cv-1121 (D. Minn.) (Lead Counsel in ERISA Class Action) (recovery of $4.5 million for the company's 401(k) plan);

- *Jennifer Taylor v. Monster Worldwide, Inc.*, Civil Action No.: 06-cv-8322 (AKH) (S.D.N.Y.) (Co-Lead Counsel in ERISA Class Action) (recovery of $4.25 million for the company's 401(k) plan);

- *Boyd, et al. v. Coventry Health, et al.*, Civil Action No.: 09-cv-2661 (D. Md.) (Co-Lead Counsel in ERISA class action) (recovery $3.6 million for the company's 401(k) plan);

- *Shane v. Kenneth E. Edge, et al.*, Civil Action No.: 10-cv-50089 (N.D. Ill.) (Co-Lead Counsel in ERISA Class Action) (recovery of $3.35 million for the company's 401(k) plan);

- *Thurman v. HCA, Inc., et al.*, Civil Action No.: 05-cv-01001 (M.D. Tenn.) (Co-Lead Counsel in ERISA Class Action) (recovery of $3 million for the company's 401(k) plan);

3

- *Bagley, et al., v. KB Home, et al.*, Civil Action No.: 07-cv-1754 (C.D. Cal.) (Co-Lead Counsel in ERISA Class Action) (recovery $3 million for the company's 401(k) plan);

- *Maxwell v. Radioshack Corp., et al.*, Civil Action No.: 06-cv-499 (N.D. Tex.) (Co-Lead Counsel in ERISA class action) (recovery of $2.4 million for the company's 401(k) plan);

- *Simeon v. Affiliated Computer Services, Inc. et al.*, 06-cv-1592 (N.D. Tex.) (Co-Lead Counsel in ERISA Class Action) (recovery of $1.5 million for the company's 401(k) plan);

- *Herrera v. Wyeth, et al.*, Civil Action No.: 08-cv-04688 (RJS) (S.D.N.Y.) (recovery of $2 million for the company's 401(k) plan);

- *Douglas J. Coppess v. Healthways, Inc.*, Civil Action No.: 10-cv-00109 (M.D. Tenn.) (Lead Counsel in ERISA Class Action) (recovery of $1.25 million for the company's 401(k) plan);

- *In re Int'l Game Tech. ERISA Litig.*, Civil Action No.: 09-cv-00584 (D. Nev.) (Co-Lead Counsel in ERISA class action) (recovery of $500,000 for the company's 401(k) plan);

- *Jennifer Jones v. NovaStar Fin., Inc.*, Civil Action No.: 08-cv-490 (NKL) (W.D. Mo.) (Co-Lead Counsel in ERISA Class Action) (recovery of $925,000 for the company's 401(k) plan);

- *Page v. Impac Mortgage Holdings, Inc., et al.*, Civil Action No.: 07-cv-1447 (C.D. Cal.) (Co-Lead Counsel in ERISA Class Action) (recovery of $300,000 for the company's 401(k) plan);

- *In re MBNA Corp. ERISA Litig.*, Master Docket No.: 05-cv-429 (D. Del.) (Class Counsel in ERISA Class Action) (recovery of $4.5 million for the company's 401(k) plan); and

- *In re Guidant Corp. ERIS Litig.*, Civil Action No.: 05-cv-1009 (S.D. Ind.) (recovery of $7 million for the company's 401(k) plan).

4

- *In re ING Groep, N.V. ERISA Litig.*, Master File No.: 09-cv-00400 (N.D. Ga.) (Co-Counsel in ERISA Class Action) (recovery of $3.5 million for the company's 401(k) plan);

## III.   The Firm Serving As "Lead," "Co-Lead" or "Counsel"

The Firm has significant experience in prosecuting complex cases, including class actions under ERISA involving breach of fiduciary duty, consumer class actions, securities fraud class actions, derivative cases and transactional matters. By way of example, the following are some of the other cases the Firm has been involved in serving as "Lead or "Co-Lead" Counsel:

### Securities Class Actions

- *In re VimpelCom Ltd. Securities Litig.*, Civil Action: No.: 1:15-cv-08672 (ALC) (S.D.N.Y.) (Lead Counsel in securities fraud Class action);

- *Fogel v. Vega, et al.*, Civil Action: 1:13-cv-02282-KPF (S.D.N.Y.) (Lead Counsel in securities fraud Class Action against Wal-Mart de Mexico SAB de CV, Ernesto Vega, Scot Rank, and Wal-Mart Stores, Inc.);

- *Floridia et al v. Dolan, et al.*, Civil Action No.: 14-cv-03011 (D. Minn.) (Lead Counsel in securities fraud Class Action);

- *In re Netsol Technologies, Inc.*, Civil Action No.: 14-cv-05787 (C.D. Cal.) (Lead Counsel in securities fraud Class Action);

- *Singh v. Tri-Tech Holdings, Inc.*, Civil Action No.: 13-cv-09031 (Co-Lead Counsel in securities fraud Class Action);

- *Jason v. Junfeng Chen, et al.*, Civil Action No.: 12-cv-1041 (S.D.N.Y) (Lead Counsel in securities fraud Class action);

- *Anderson v. Peregrine Pharmaceuticals, Inc., et al.*, Civil Action No.: 12-cv-01647 PSG (FMOx) (C.D. Cal.) (Lead Counsel in securities fraud Class Action);

- *Araj v. JML Portfolio Mgmt. Ltd., et al.*, Civil Action No.: 09-cv-00903 (M.D. Fla.) (Co-Lead Counsel in securities fraud Class Action);

- *Hanson et al, v. Frazer, LLP., et al.*, Civil Action No.: 12-cv-3166 (S.D.N.Y.) (Lead Counsel in securities fraud Class Action);

- *Labit v. Glenn Zagoren, et al.*, Civil Action No.: 03-cv-2298; (S.D.N.Y.) (Co-Lead Counsel in securities fraud Class Action);

- *Karp v. SI Financial Group, Inc., et al.*, Civil Action No: 19-cv-199 (D. Conn.) (Lead Counsel in securities fraud Class Action); AND

## ERISA Class Actions

- *Dudenhoeffer v. Fifth Third Bancorp, et al.*, Civil Action No.: 08-cv-538 (S.D. Ohio) (Co-Lead Counsel in ERISA Class Action and appointed by the Court as Class Counsel for the Settlement Class);

- *Sheedy v. Adventist Health System Sunbelt Healthcare Corporation et al.*, 6:16-cv-01893-GAP-GJK (M.D. Fla.) (Lead Counsel in ERISA Class Action);

- *Shane, et al. v. Kenneth E. Edge, et al.*, Civil Action No.: 3:10-cv-50089 9N.D. Ill.) (Co-Lead Counsel in ERISA Class Action) (Recovery of $3.35 million for the Company's 401(k) plan);

- *In re Wilmington Trust Corp. ERISA Litig.*, Civil Action No.: 10cv-001114-SLR (D. Del.) (Co-Lead Counsel in ERISA Class Action) (Recovery of $3 million for the Company's 401(k) plan);

- *Fulmer v. Scott Klein, et al.*, Civil Action: 09-cv-2354-N (N.D. Tex.) (Lead Counsel in ERISA Class Action);

- *In re Pilgrims Pride Stock Investment Plan ERISA Litig.*, Civil Action: 08-cv-000472-TJW-CE (E.D. Tex.) (Co-Lead Counsel in ERISA Class Action);

- *In re UBS ERISA Litig.*, C.A. No.: 08-cv-6696 (S.D.N.Y) (Co-Lead Counsel in ERISA Class Action);

- *Rinehart v. Lehman Brothers Holdings Inc., et al.*, Civil Action No.: 08-cv-5598 (S.D.N.Y.) (Co-Lead Counsel in ERISA Class Action);

- *Usenko v. Sunedison Semiconductor, LLC., et al.*, Civil Action No.: 17-cv-2227 (E.D. Mo.) (*de facto* Co-Lead Counsel in ERISA Class Action);

- *Harris and Ramos v. Amgen, Inc., et al.*, Civil Action No.: 07-cv-5442 (C.D. Cal.) (Co-Lead Counsel in ERISA Class Action);

- *Russell v. Harman Int'l Industries Inc., et al.*, Civil Action No.: 07-cv-02212 (D. of Columbia) (*de facto* Lead Counsel in ERISA Class Action);

6

- *Mellot v. Choicepoint, Inc., et al.*, Civil Action No.: 05-cv-1340 (N.D. Ga.) (Co-Lead Counsel in ERISA Class Action);

- *In re Eastman Kodak ERISA Litig.*, MASTER FILE NO. 6:12-CV-06051-DGL (W.D.N.Y.) (Co-Counsel in ERISA Class Action); and

- *Sheedy v. Adventist Health System Sunbelt Healthcare Corporation., et al.*, Civil Action No.: 6:16-cv-01893-GAP (M.D. Fl.) (Interim Lead Counsel in ERISA Action);

**Derivative Actions**

- *Adele J. Barke v. Mike Ferguson, et al.,* Index No.: 652164/2018 (N.Y. Sup. Ct.) (Interim Lead Counsel in Derivative Action);

- *Mina Pastagia, et al., v. Charles J. Philippin, et al.,* Civil Action No.: 2018-CH-07432 (Chancery Illinois, Cook County) (Interim Lead Counsel in Derivative Action)

- *Recupero v. Friedli, et al.*, Civil Action No.: 1:17-cv-00381-JKB (D. Md.) (Interim Lead Counsel in Derivative Action);

- *Klein v. Gordon et al.,* Civil Action No.: 8:17-cv-00123-AB (C.D. Cal.) (Interim Lead Counsel in Derivative Action);

- *Bunim v. Miller, et al.*, Civil Action No.: 2:17-cv-00519-ER (E.D. Pa.) (Interim Lead Counsel in Derivative Action);

- *Savage, Spencer, et al., v. Kay, Robert B., et al.,* Index No.: 162407/2015 (*de facto* lead counsel in Derivative Action)

- *Borta v. Lucier, et al.,* Civil Action No.: 37-2016-00034039-CU-SL-CTL (Sup. Ct. C.A., San Diego County) (*de facto* lead counsel in Derivative Action)

- *In re CytRx Corporation Stockholder Derivative Litigation II,* Civil Action No.: C.A. No. 11800-VCMR (Chancery Delaware) (Co-Lead Counsel in Derivative Action);

- *Thiese v. Giles. et al.,* Civil Action No.: 18-cv-02558-RBJ (D. Co.) (Lead Counsel in Derivative Action);

7

- *Keller v. Ashton, et al.*, Civil Action No.: 2:17-cv-01777-JMV (D. N.J.) (Lead Counsel in Derivative Action);

- *Hamdan v. Munro, et al.*, Civil Action No.: 3:16-cv-03706-PGS (D. N.J.) (Lead Counsel in Derivative Action)

- *Nahar, et al., v. Bianco, et al.*, Civil Action No.: 2:16-cv-00756-RSL (W.D. Wash.) (Co-Lead Counsel in Derivative Action);

- *In re Fifth Street Finance Corp., Stockholder Litig.*, C.A. No. 12157-VCG (Chancery Delaware) (co-counsel in Derivative Action);

- *Chiu, et al., v. Dipp, et al.*, Civil Action No.: 1:17-cv-11382 (D. Mass.);

- *In re Provectus Biopharmaceuticals Inc. Derivative Litig.*, Case No. 3:14-cv-00372-PLR-HBG (E.D. Tenn.) (Co-Lead Counsel in Derivative Action);

- *D'Angelo v. T. Kendall Hunt, et al.*, C.A. No.: 2017-CH-09793 (Chancery Illinois, Cook County);

- *In re Capstone Turbine Corp. Stockholder Derivative Litigation*, Master File No.: CV16-01569 (C.D. Cal.) (Co-Lead Counsel in Derivative Action);

- *Loyd v. Giles, et al.*, Case No.: 2015-CV-33429 (D. Colo., Denver County);

- *Hebert v. Bradley, et al.*, Case No.: C20163440 (Arizona Superior Ct., Pima County);

- *Ruth v. CanaVest Corp. (Nominal Defendant)*, Case No.: 2:15-cv-00481 (D. Nev.) (*de facto* lead counsel in Derivative Action);

- *McBride v. Lumber Liquidators Holdings, Inc. (Nominal Defendant)*, Case No.: CL15000453-00 (Virginia; City of Williamsburg and County of James City Circuit Court) (*de facto* lead counsel in state court Derivative Action);

- *Viebrock v. Wilke, et al.*, Case No.: 3:17-cv-00465-RCJ-WGC (D. Nev.) (Lead Counsel in Derivative Action)

8

- *In re Medbox, Inc., Derivative Litig.*, Civil Action No.: 15-cv-00185 (D. Nev.) (Co-Lead Counsel in Derivative Action);

- *Giebrecht v. Dickson v. Lee, et al.*, Civil Action No.: 13-cv-00697 (D. Nev.) (Co-counsel in Derivative Action);

- *Brody v. David Lerner Assocs., Inc., et al.*, Civil Action No.: 12-cv-782 (E.D.N.Y.) (Co-Counsel in breach of fiduciary duty action);

- *Cunningham v. Joseph Ram, et al.*, Civil Action No.: 06-cv-1529 (S.D. Cal.) (Co-Counsel in Derivative Action);

- *In re Endocyte, Inc., Derivative Litig.*, Civil Action No.: 14-cv-1551 (S.D. In.) (Co-Lead Counsel in Derivative Action);

- *Hapka v. Dennis Crowley, et al.*, 50-2005 CA (15th Judicial Circuit in and for Palm Beach County, Florida) (*de facto* Lead Counsel in Derivative Action);

- *Nieman v. Ira B. Lampert, et al.*, Civil Action No.: 05-cv-60574 (S.D. Fl.) (*de facto* Co-Lead Counsel in Derivative Action);

- *Riley v. Jorge Mas, et al.*, Civil Action No.: 04-cv-27000 (11th Judicial Circuit in and for Dade County, Florida) (*de facto* Lead Counsel in Derivative Action); and

- *Ramseur v. Callidus Software, Inc., et al.*, Civil Action No.: 04-cv-4419 (N.D. Cal.) (Co-Counsel in Derivative Action);

- In re *CVS Health Corporation Derivative Litigation*, Civil Action No.: 17-378 (D. RI) (Co-Lead counsel in Derivative Action);

- *Huellemeier vs. Teva Pharmaceuticals Industries Limited, et al.*, Civil Action No.: 17-cv-01938 (S.D. Ohio) (Interim Lead Counsel in Derivative Action);

- *Klein v. Barton, et al.*, Civil Action No.: 2:18-cv-00027 (W.D. Wash) (Co-Lead Counsel in Derivative Action);

- *Ward Rouse, v. Steven Sherman, et al.*, Civil Action No.: 18-cv-01348 (N.D. Cal.) (Interim Lead Counsel in Derivative Action);

9

- *Howard v. Clark, et al.,* Civil Action No.: 1:18-cv-00912 (D. Del.) (Co-Lead Counsel in Derivative Action);

- *Klein v. Freeland et al.,* Civil Action No.: 3:18-cv-00439 (D. Nev.) (Co-Lead Counsel in Derivative Action);

- *Klein v. Sullivan, et al.,* Civil Action No.: 19-cv-00009 (D. Del) (Lead Counsel in Derivative Action);

- *Gowland v. Barrack, Jr., et al.,* Civil Action No.: 1:18-cv-03176 (D. Maryland) (Co-Lead Counsel in Derivative Action);

- *In re Rev Group, Inc. Derivative Litigation,* Civil Action No.: 1:19-cv-00009-MN D. Del.)) (Co-Lead Counsel in Derivative Action);

- *Kelly Nicole Desmond-Newman v. Saagar Govil, et al.,* Civil Action No.: 18-cv-03992 (E.D. NY) (Interim Lead Counsel in Derivative Action);

- *Baron v. Sanborn, et al.,* Civil Action No.: 3:18-cv-04391(N.D. Cal.) (Co-Lead Counsel in Derivative Action);

- *In re India Globalization Capital, Inc. Derivative Litigation,* Civil Action No.: DKC 18-3698 (Co-Lead Counsel in Derivative Action);

- *Hamdan v. Makunda, et al.,* Civil Action No.: 8:19-cv-00493 (D. Maryland) (Co-Lead Counsel in Derivative Action);

- *Royer v. Lake, et al.,* Civil Action No.: 3: 18-cv-07475 (N.D. Cal.) (Interim Lead Counsel in Derivative Action);

- *Joey Hill v. Mohan P. Ananda.,* Civil Action No.: 2:19-cv-04272 (C.D. Cal.) (Co-Lead Counsel in Derivative Action).

## Anti-Trust Class Actions

- *In re: Package Seafood Products Antitrust Litig.,* Case No. 15-MD-2670 (JLS) (MDD) (S.D. Cal.) (Co-Counsel in on-going anti-trust action);

10

- *In re Pool Products Distribution Market Antitrust Litigation*, MDL No. 2328 (Member of the committee in anti-trust action) (settlement obtained from several defendants); and

- *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, MDL No. 2542 (Co-Counsel in on-going anti-trust action).

## FLSA Actions

- *Affen v. The TJX Companies, Inc., et al.*, Civil Action No.: 14-cv-03820-CCC-JBC (D. N.J.);

- *Roberts v. The TJX Companies, Inc.*, Civil Action No.: 14-cv-00746-BJD-MCR (M.D. Fla.);

- *Sifferman v. Sterling Financial Corp.*, Civil Action No.: 13-cv-00183 (W.D. Wash.); and

- *Winfield, et al., v. Citibank, N.A.*, Case No.: 10-cv-7304 (S.D.N.Y).

## IV.    Consumer Actions

- *Jairo Jara, et al., v. DeVry Education Group, Inc., et al.*, Civil Action No.: 1:16-cv-10168 (N.D. Ill.)

- *Dumont v. Litton Loan Servicing, LP*, Civil Action No.: 1:12-cv-2677-ER-LMS (S.D.N.Y.) (Gainey McKenna & Egleston and Robbins Geller Rudman & Dowd LLP were plaintiffs' co-lead counsel in a putative class action lawsuit filed in the United States District Court for the Southern District of New York on behalf of thousands of homeowners in New York, New Jersey and Pennsylvania. The lawsuit alleged, among other things, that Litton Loan Servicing ("Litton") and Ocwen Loan Servicing ("Ocwen") engaged in a deceptive scheme to delay or deny permanent mortgage loan modifications through the federal Home Affordable Modification Program ("HAMP") to desperate homeowners, systematically breaching their contractual obligations to homeowners, committing deceptive trade practices, and causing significant financial harm).

- *Schroeder, et al. v. Countrywide Home Loans, Inc. Bank of America, et al.*, Civil Action No.: 07-cv-1363 (PGS) (D.N.J.) (Class Counsel in nationwide class action on behalf of United States Military Service members overcharged on their mortgages in violation of the Service members' Civil Relief Act; recovery of $5.962 million for more than 17,000 service members).

- *Philip Stamm v. My Pillow, Inc. a Minnesota Corporation, a/k/a My Pillow Direct, LLC,* Index No.: 651472/2017 (N.Y. Sup. Ct.)

- *Alan Banchalter v. Larry J. Merlo, et al.,* Civil Action No.: 1:17-cv-00378-WES-LDA (D. R.I.)

## V.    Attorneys

***Barry J. Gainey*** received his bachelor's degree in 1981 from Boston University and received his J.D. in 1984 from Washington and Lee University School of Law where he was a Law Review Notes and Comments Editor and authored two published articles. Mr. Gainey was a partner at Wilson, Elser, Moskowitz, Edelman & Dicker in New York City, and the founding partner of Renzulli, Gainey & Rutherford (which later became Gainey & McKenna and now Gainey McKenna & Egleston), with offices in New York City and New Jersey. Mr. Gainey has worked on many high profile actions such as:

- *Schroeder, et al. v. Countrywide Home Loans, Inc., Bank of America, et al.*, Civil Action No.: 07-cv-1363 (D.N.J.) (Appointed Class Counsel in nationwide class action on behalf of United States Military Service members with Countrywide mortgages);
- *Klyachman v. Vitamin Shoppe, et al.*, Civil Action No.: 07-cv-1528 (D.N.J.) (Appointed Class Counsel in nationwide consumer fraud case);
- *Kleck v. Bluegreen Corp.*, Civil Action No.: 09-cv-81047 (S.D. Fl.) (Appointed Class Counsel with Florida firm in nationwide class action);
- *Resnik v. Lucent Technologies, Inc. et al.*, L-1230-06 (N.J.) (Appointed Co-Class Counsel in class action);
- *Alamo v. Bluegreen Corp. et al.*, L-6716-05 (N.J.) (Appointed Class Counsel in consumer fraud case); and
- *Blumer, et al. v. Acu-Gen Biolabs, Inc., et al.*, Civil Action No.: 06-cv-10359 (D. Mass) (Appointed Class Counsel in consumer fraud case).

Mr. Gainey is admitted to practice in the Federal and State Courts of New York and New Jersey. He is also a past or current member of the American Association for Justice, New Jersey Association for Justice, New York State Bar Association, American Bar Association, New York State Trial Lawyers Association, New Jersey State Bar Association, and Bergen County Bar Association.

***Thomas J. McKenna*** received his bachelor's degree in 1981 from Boston College (*magna cum laude*) and received his J.D. in 1984 from Syracuse University College of Law (*cum laude*) where he was a Law Review Editor and a Member of the Justinian Honorary Law Society. Following law school, Mr. McKenna clerked in the United States District Court for the Eastern District of Louisiana for the Honorable Veronica D. Wicker from 1984 through 1986.

Before starting his own law practice, Mr. McKenna was associated with Cahill, Gordon & Reindel ("Cahill") in New York City, practicing class actions and securities law, insurance coverage litigation and general commercial litigation. After his association with Cahill, he was an attorney at Grutman Greene & Humphrey in New York City where he concentrated on class actions and trial practice in complex commercial and tort litigation. In 1996, Mr. McKenna started his own law firm and then formed Gainey & McKenna in 1998 where he focused his practice on trials, class actions and commercial disputes. Mr. McKenna has worked on many important actions such as:

- *Allapattah Services, Inc., et al., v. Exxon Corp.*, Civil Action No.: 91-cv-0983 (S.D. Fla.) (Nationwide class action for class of Exxon service station operators against Exxon for allegedly overcharging them for gasoline, eventually settled for over $1 billion);
- *In re Popular Inc. ERISA Litig.*, Master File: 09-cv-01552-ADC (D. P.R.) (Co-Lead Counsel) (breach of fiduciary duty case under ERISA);
- *In re Schering-Plough Corp. Enhance ERISA Litig.*, Civil Action No.: 08-cv-1432 (D.N.J.) (Co-Lead Counsel) (claim on behalf of employees and ex-employees against 401(k) fiduciaries for breaches of duty in connection with Vytorin);
- *In re General Growth Properties, Inc. ERISA Litig.*, Master File No.: 08-cv-6680 (N.D. Ill.) (Class Counsel) (breach of fiduciary duty case involving harm to retirement plan in connection with alleged risky real estate investments); and
- *Morrison v. MoneyGram Int'l, Inc., et al.*, Civil Action No.: 08-cv-1121 (D. Minn.) (Lead Counsel) (breach of fiduciary duty claims involving alleged improper investment practices).

Mr. McKenna is a member of the Bar of the State of New York and admitted to practice before the United States Supreme Court and United States District Courts for the Southern and Eastern Districts of New York, and the United States Court of Appeals for the Second, Fifth, Sixth, Ninth and Eleventh Circuits. He has also been admitted *pro hac vice* in numerous other courts. Mr. McKenna is also a member of the Association of the Bar of the City of New York, the New York State Trial Lawyers Association, and the American Association for Justice (formerly the American Trial Lawyers Association) and past member of the New York County Lawyers Association.

***Gregory M. Egleston*** received his bachelor's degree in 1992 from Fordham University (*magna cum laude*), his master's degree in 1994 from Columbia University, and received his J.D. in 1997 from New York Law School. Before joining the Firm, Mr. Egleston had his own law firm and prior to that, Mr. Egleston was an attorney specializing in securities class action litigation, shareholder derivative actions, and consumer fraud litigation at a prominent Manhattan plaintiffs' class action firm. Mr. Egleston has worked on many high profile class actions such as:

- *Shane v. Kenneth E. Edge, et al.*, Civil Action No.: 10-cv-50089 (N.D. Il.) (recovery of $3.35 million for the company's 401(k) plan);

13

- *Mayer v. Administrative Committee of Smurfit-Stone Container Corp. Retirement Plans*, Civil Action No.: 09-cv-02984 (N.D. Ill.) (recovery of $7.75 million for the company's 401(k) plan);
- *In re YRC Worldwide Inc. ERISA Litig.*, Case No.: 09-cv-02593 JWL/JPO (D. Kan.) (recovery of $6.5 million for the company's 401(k) plan);
- *In re Beazer Homes U.S.A., Inc. Sec. Litig.*, Civil Action No.: 07-cv-725-CC (N.D. Ga.) ($30.5 million settlement in a Securities Class Action);
- *In re Willbros Group, Inc. Sec. Litig.*, Civil Action No.: 06-cv-1778 (S.D. Tex.) ($10.5 million settlement in a Securities Class Action);
- *In re Royal Dutch/Shell Transport Sec. Litig.*, Civil Action No.: 04-cv-374 (JAP) (D.N.J.) (U.S. settlement with a minimum cash value of $138.3 million with a potential value of more than $180 million, in addition to a related European settlement of $350 million);
- *In re Marsh & McClennan Companies, Inc. Sec. Litig.*, Civil Action No.: 04-cv-8144 (CM) (S.D.N.Y.) ($400 Million settlement in a Securities Class Action); and
- *In re Lumenis Sec. Litig.*, Civil Action No.: 02-cv-1989 (S.D.N.Y.) ($20.1 million settlement in a Securities Class Action).

Mr. Egleston was also involved in a high profile landlord/tenant action entitled *Roberts v. Tishman Speyer, L.P., et al.*, N.Y. Sup. Ct., Index No. 07600475.   The core legal issue was whether landlords could permissibly deregulate and charge market rents for certain so-called "luxury" apartment units in these complexes in years in which the landlords were simultaneously receiving tax abatements from New York City known as "J-51" benefits.  The Court of Appeals ruled that the New York statutory scheme prevents landlords of rent stabilized buildings from charging market rents while receiving J-51 benefits for as long as they continue to receive those tax benefits. The action recently settled for $68.8 million.

Mr. Egleston is admitted to the Bars of the States of New York and Connecticut.  He is also admitted to practice before the Bars of the federal district courts for the Southern and Eastern Districts of New York and the District of Connecticut.

**Robert J. Schupler** received his bachelor's degree in 1979 from Drexel University (Philadelphia, PA), and received his J.D. in 1982 from Southwestern University School of Law (Los Angeles, CA).

Mr. Schupler began his legal career at a boutique law firm in Los Angeles where he focused on civil litigation and transactional matters.  He returned "home" to the Philadelphia area in the 90's and shortly thereafter began focusing on class action litigation and complex tort and commercial disputes, assisting in litigation matters which included *Sunbeam* and *WorldCom*.

Mr. Schupler has the unique experience of working for both plaintiff and defense litigation firms.  While working at an internationally recognized defense law firm, Mr. Schupler concentrated on healthcare related products liability litigation matters.  In one of these matters,

Mr. Schupler was responsible for the administration of a multi-billion dollar settlement involving tens of thousands of plaintiff claimants.

In 2015, Mr. Schupler began working with Gainey McKenna & Egleston. He has assisted GME in prosecuting numerous class action and shareholder derivative actions, including:

- *In Re: Packaged Seafood Products Antitrust Litigation*, Civil Action No.: 15-MD-2670 JLS (MDD) (S. D. Cal.)
- *George Dumont, et al. vs. Litton Loan Servicing LP, et al.*, Civil Action No.: 7:12-cv-02677-ER-LMS (S. D. N.Y)
- *Gordon Niedermayer, et al. v. Steven A. Kriegsman, et al.*, Civil Action No.: 11800-VCMR (Chancery Delaware)
- *Arthur P. Cardi, et al. v. FXCM Inc., et al.*, Civil Action No.: 1:17-cv-4699-PAC-HBP (S. D. N.Y)
- *In Re Rocket Fuel, Inc. Derivative Litigation*, Civil Action No.: 4:15-cv-04625-PJH (N.D. Cal.)
- *Douglas Labare v. Charles Dunleavy, et al.*, Civil Action No.: 3:15-cv-01980-FLW-LHG (D. N.J.)
- *Waseem Hamdan vs. Mark Munro, et al.*, Civil Action No.: 2:16-cv-03706 (D. N.J)
- *In Re VimpelCom, Ltd. Securities Litigation*, Civil Action No.: 1:15-cv-08672-ALC (S. D. N.Y)
- *Shuli Chiu, et al., v. Michelle Dipp, et al.*, Civil Action No.: 1:17-cv-11382 (D. Mass.)

Mr. Schupler is a member of the Bar of the State of Pennsylvania, and is also admitted to practice before the United States District Court for the Eastern District of Pennsylvania.

***David A. Silva*** received his bachelor's degree in 1982 from New York University and received his J.D. in 1985 from Brooklyn Law School where he was a member of the Moot Court National Team. Between the years of 1985 and 1988, Mr. Silva worked as an Assistant Corporation Counsel in the Law Department of the City of New York. While at the Law Department, Mr. Silva represented various city agencies in Article 78 proceedings as well as defended the constitutionality of various aspects of the New York City Public Health Law, as well as the Building Code and Zoning Resolution. In addition, he was lead counsel on Federal civil rights actions defending the City and its employees.

In 1988, Mr. Silva left the City and joined Mound Cotton Wollan & Greengrass as an associate and worked there for 25 years becoming a partner in 1995 and a senior partner in 2002.

Mr. Silva has served as counsel to both insurers and reinsurers in dozens of reinsurance arbitrations and court proceedings across the United States. He has also acted as lead counsel in arbitrations in both Bermuda and England, involving some of the highest profile issues in the industry. Mr. Silva regularly advises clients on a wide range of issues including workers' compensation carve out and

spiral business; life, personal accident and medical reinsurance issues; long term care reinsurance; actuarial disputes; coverage of declaratory judgment expenses; rescission claims; claims for pre-answer security; letter of credit disputes; commutation valuations; allocation of losses; contract drafting; records inspection rights, and audits. He also has substantial experience in other reinsurance-related matters, including issues involving domestic and off-shore captive reinsurers, surplus relief treaties, and many matters relating to life, accident, health, and long term care insurance. He also has substantial involvement in all aspects of property and casualty insurance litigation including first- and third-party coverage and claims defense, business interruption, products liability defense, and disputes between primary and excess carriers.

Mr. Silva has been recognized in the Chambers USA Directory, Best Lawyers in America, and Super Lawyers as a leading individual in the field of insurance and reinsurance. Mr. Silva has also served as a lecturer and panelist for various reinsurance programs, including the Reinsurance Association of America, ARIAS U.S., as well as Harris Martin and HB Litigation Conferences.

Mr. Silva is admitted to practice in the federal and state courts of New York and is a past member of the New York State Bar Association as well as the New York County Lawyers Association.