UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE 22ND CENTURY GROUP, INC. DERIVATIVE LITIGATION | Lead Case No. 1:19-cv-00479-JLS |

## JOINT STIPULATION AND [PROPOSED] ORDER CONTINUING STAY

Plaintiffs Stephen Mathew and Cindy Maloney, the Executrix of the Estate of Melvyn Klein ("Plaintiffs"), nominal defendant 22nd Century Group, Inc. ("22nd Century Group"), and individual defendants James W. Cornell, Richard M. Sanders, Nora B. Sullivan, Henry Sicignano, III, and John T. Brodfuehrer (together with 22nd Century Group, the "Defendants") hereby stipulate as follows:

**WHEREAS**, pursuant to a stipulated order entered by the Court on May 3, 2019 (ECF No. 8), the above-captioned consolidated shareholder derivative action (the "Consolidated Derivative Action") was stayed pending either dismissal of the related securities class action captioned, *Noto v. 22nd Century Group, et al.*, Case No. 1:19-cv-01285, in the U.S. District Court for the Western District of New York (the "Class Action Litigation") and exhaustion of related appeals, or denial of any motion to dismiss the Class Action Litigation;

**WHEREAS**, on or about January 15, 2020 and February 11, 2020, two Verified Stockholder Derivative Complaints were filed against Defendants in the Eighth Judicial District Court for the State of Nevada, styled *In re. 22nd Century Group, Inc. Stockholder Derivative Litigation*, Lead Case No. A-20-808599-B (Consolidated with A-20-810250-B) (the "Nevada Derivative Action");

**WHEREAS**, 22nd Century Group's Amended and Restated Bylaws provide that the sole and exclusive forum for any derivative action or proceeding brought on behalf of the Corporation or any action asserting a claim of breach of a fiduciary duty owed by any director or officer or

other employee of the Corporation to the Corporation or the Corporation's stockholders shall be the New York State Supreme Court for the County of Erie within the State of New York or the federal district court for the Western District of New York;

**WHEREAS**, on January 14, 2021, this Court granted the motion to dismiss the Class Action Litigation with prejudice and judgment was entered on January 15, 2021;

**WHEREAS**, on February 12, 2021, the plaintiffs in the Class Action Litigation filed a notice of appeal of the judgment dismissing the case;

**WHEREAS**, on June 14, 2022, the United States Court of Appeals for the Second Circuit (the "Second Circuit") issued its mandate regarding the Class Action Litigation, affirming in part and vacating in part this Court's dismissal and remanding for further proceedings [Case No. 1:19-cv-01285, ECF No. 58 (W.D.N.Y.)];

**WHEREAS**, the Second Circuit remanded for further proceedings regarding "the §10(b) material misrepresentation claim based on the non-disclosure of the SEC investigation" and the § 20(a) claim "solely as it pertains to that particular non-disclosure" and affirmed this Court's dismissal of the Class Action Litigation with prejudice of all other claims [*Id.*, 18-19];

**WHEREAS**, the defendants in the Class Action Litigation moved to dismiss the surviving claims, asking this Court to dismiss on the basis of arguments not previously reached by this Court and that the Second Circuit had accordingly declined to address;

**WHEREAS**, on January 6, 2023, this Court denied the second motion to dismiss filed in the Class Action Litigation;

**WHEREAS**, there is substantial overlap between the facts and circumstances alleged in this Consolidated Derivative Action and the facts and circumstances alleged in the Class Action Litigation;

**WHEREAS**, the parties agree that further developments in the Class Action Litigation may help inform the manner in which this Consolidated Derivative Action proceeds;

**WHEREAS**, the parties to this Consolidated Derivative Action agree that to ensure economy of time and effort for the Court, for counsel, and for litigants, this Consolidated Derivative Action should be voluntarily stayed on the terms set forth below;

**NOW THEREFORE**, it is hereby stipulated by and between the undersigned, and so-ordered by the Court, that:

1. The complaint filed by Plaintiff Stephen Mathew in this Consolidated Derivative Action is designated as the operative complaint in the Consolidated Derivative Action ("Operative Complaint").

2. All proceedings and deadlines in this Consolidated Derivative Action shall be stayed until the earlier of the following two dates ("Termination Date"): 1) thirty (30) calendar days after the close of fact discovery in the Class Action Litigation; or 2) thirty (30) calendar days after the date that any party elects to lift this stay by providing written notice to the undersigned counsel by email that the party no longer consents to the voluntary stay of this Consolidated Derivative Action and by filing the notice with the Court.

3. The parties shall submit a joint status update to the court regarding the status of the case management and scheduling order in the Class Action Litigation within ninety (90) calendar days of entry of this Order and every ninety (90) calendar days thereafter.

4. Notwithstanding the stay, Plaintiffs shall be permitted to file a consolidated complaint and an amended consolidated complaint during the pendency of the stay; provided, however, that if Plaintiffs file a consolidated complaint and/or an amended consolidated complaint

during the pendency of this stay, Defendants are not required to answer or otherwise respond to the consolidated complaint or amended consolidated complaint during the pendency of the stay.

5. Within ten (10) days after the close of fact discovery in the Class Action Litigation, the parties in this Consolidated Derivative Action will notify the Court that fact discovery in the Class Action Litigation has closed and will also confer to determine a schedule for further proceedings in the Consolidated Derivative Action. After conferring, the parties will promptly submit a proposed scheduling stipulation for this Court's consideration.

6. During the pendency of the stay, 22nd Century Group shall promptly produce to The Brown Law Firm, P.C. and Gainey McKenna and Egleston ("Co-Lead Counsel") copies of any documents provided to any stockholder plaintiff in any related plenary derivative action or in response to any related stockholder demand or informal request to inspect corporate books and records within ten (10) business days of producing them, subject to the parties' counsels' execution of a reasonable and mutually-acceptable nondisclosure agreement or confidentiality protective order governing the use and disclosure of these materials and documents in this Consolidated Derivative Action.

7. During the pendency of the stay, subject to the entry of a reasonable and mutually acceptable protective order governing the use and disclosure of applicable documents and materials, Defendants shall promptly provide to Co-Lead Counsel copies of: (i) any documents and/or written discovery responses that Defendants produce to plaintiffs in the Class Action Litigation in response to a discovery request; (ii) discovery requests received by Defendants from plaintiffs in the Class Action Litigation; and (iii) all deposition transcripts in the Class Action Litigation, except to the extent confidentiality restrictions prevent Defendants from producing them. Defendants shall provide the materials set forth in this paragraph to Co-Lead Counsel within ten (10) business days

of producing or serving them in the case of (i), within ten (10) business days of receiving any discovery requests in the case of (ii), and within fifteen (15) business days of receiving the final transcript in the case of (iii).

8. During the pendency of the stay, Defendants shall provide Co-Lead Counsel reasonable advance notice of any mediation scheduled in the Class Action Litigation. The Parties agree that during the pendency of this stay, Defendants shall not object to the inclusion of Plaintiffs in this Consolidated Derivative Action in any mediation with the plaintiffs in the Class Action Litigation. In the event that parties other than Defendants object to including Plaintiffs in this Consolidated Derivative Action in such mediation, Defendants shall mediate with Plaintiffs in this Consolidated Derivative Action at or about the same time.

9. During the pendency of the stay, Defendants shall provide Co-Lead Counsel reasonable advance notice of, and include Plaintiffs in the Consolidated Derivative Action in, any mediation, and any settlement conference, scheduled in any related derivative lawsuit or any other related books and records demand proceeding.

10. During the stay, Defendants shall notify Co-Lead Counsel if any related derivative action is not stayed or if the stay of any related derivative action is lifted within five (5) calendar days thereafter.

11. The parties do not waive—and expressly reserve—any rights or defenses not specifically addressed herein, including the rights to file a motion pursuant to Nevada Revised Statute § 41.520(3), which the parties agree are timely and not waived if filed within 30 days of the herein-stipulated stay being lifted.

DATED: February 14, 2023                             THE BROWN LAW FIRM, P.C.

                                                     */s/ Timothy Brown*
                                                     Timothy Brown

767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

**GAINEY McKENNA & EGLESTON**

/s/ *Thomas J. McKenna*
Thomas J. McKenna
Gregory M. Egleston
501 Fifth Avenue South, 19th Floor
New York, NY 10017
Telephone: (212) 983-1300
Facsimile: (212) 983-0383
Email: tjmckenna@gme-law.com
Email: gegleston@gme-law.com

*Co-Lead Counsel for Plaintiffs*

DATED: February 14, 2023

**FOLEY & LARDNER LLP**

/s/ *Jonathan H. Friedman*
Jonathan H. Friedman
90 Park Avenue
New York, NY 10016
Telephone: 212-338-3416
Facsimile: 212-687-2329
Email: jfriedman@foley.com

*and*

Charles C. Ritter, Jr.
**DUKE, HOLZMAN, PHOTIADIS & GRESENS LLP**
701 Seneca Street, Suite 750
Buffalo, NY 14210
Telephone: (716) 855-1111
Facsimile: (716) 855-0327
Email: critter@dhpglaw.com

*Counsel for Defendants*

SO ORDERED:

_____
Hon. John L. Sinatra, District Court Judge   2/15/23

19-cv-479
Jt Stip/order re STAY